UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAN KOWALSKI, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-1891 |
| | ) |
| COOK COUNTY OFFICERS | ) Judge John W. Darrah |
| ELECTORAL BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a three-count Complaint, alleging a civil rights violation under 42 U.S.C. § 1983, a violation of the Voting Rights Act of 1965, and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Plaintiff has now filed a Motion for Injunctive Relief and Mandamus [7], requesting that her name be placed on the ballot for the March 15, 2016 primary election. For the reasons discussed below, Plaintiff's Motion [7] is denied.

## BACKGROUND

Plaintiff Jan Kowalski is a resident of Illinois and a candidate for the Office of the Recorder of Deeds for Cook County. The Cook County Officers Election Board ("CCOEB") is a statutory entity that determines the validity of nomination papers. On November 30, 2015, Plaintiff filed her petition for nomination. On December 7, 2015, an objector filed a petition alleging that Plaintiff's nominating petition was insufficient. An examination of the nominating petition, pursuant to the rules of procedure adopted by the CCOEB, took place from December 17 to December 22, 2015. Plaintiff received a Petition Summary Report on

December 22, 2015, at 6:27 p.m., stating that the nominating petition had 554 fewer signatures than required. On December 23, 2015, Plaintiff filed an emergency motion to extend the deadline for a motion for the CCOEB to review objections to the petition examination. The CCOEB hearing officer denied the emergency motion. On December 24, 2015, Plaintiff filed a motion to reconsider the hearing officer's order and a motion for the CCOEB to review objections. On December 28, 2015, the hearing officer denied the motion to reconsider and recommended that the CCOEB sustain the challenge to Plaintiff's nomination petition and declare the nomination petition invalid. At a hearing on December 30, 2015, the CCOEB issued a decision sustaining the challenge to Plaintiff's nomination petition and holding it invalid.

Plaintiff filed for judicial review; and, on January 27, 2016, the Circuit Court of Cook County denied her petition and dismissed, with prejudice, the counts seeking mandamus and injunctive relief. Plaintiff then appealed the Circuit Court decision; and, on February 17, 2016, the Illinois Appellate Court affirmed the CCOEB decision. *See Kowalski v. Cook Cnty. Officers Electoral Bd., et al.*, 2016 WL 687106, 2016 IL App (1st) 160217-U (Ill. App. Ct. Feb. 17, 2016).

## LEGAL STANDARD

"[A] writ of mandamus will be awarded only if a plaintiff establishes a clear right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ." *People ex rel. Madigan v. Snyder*, 804 N.E.2d 546, 552 (Ill. 2004).

"To obtain a preliminary injunction, the moving party must make an initial showing that (1) it will suffer irreparable harm in the period before final resolution of its claims; (2) traditional legal remedies are inadequate; and (3) the claim has some likelihood of success on the merits."

*BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015) (citing *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)). "If the moving party makes this showing, the court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *BBL, Inc.*, 809 F.3d at 324 (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012)).

## ANALYSIS

### *Younger*

Defendants argue Plaintiff's claims are barred by the *Younger* abstention doctrine. The abstention doctrine "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). The doctrine requires federal courts to dismiss cases involving certain types of important state proceedings. *Id.* Abstention is applicable "where federal jurisdiction would intrude into ongoing state criminal proceedings, or into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or into civil proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" *Id.* at 815 (citing *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013)). Abstention is required when "state civil proceedings are 'judicial in nature,' involve important state interests, and offer an adequate opportunity to review the federal claim." *Mulholland*, 746 F.3d at 816. However, "the critical consideration in evaluating a state civil proceeding is how closely it resembles a criminal prosecution." *Id.* at 816.

3

In *Mulholland*, the Seventh Circuit reversed a decision by the district court to abstain under the *Younger* doctrine where an election board enforced an anti-slating statute that had been previously ruled unconstitutional. The district court interpreted "the scheduled Election Board meeting and ongoing state lawsuit as the type of civil enforcement proceedings that are close enough to a criminal prosecution to warrant *Younger* abstention." *Id.* The Seventh Circuit disagreed because the dispute "involved an agency adjudication of state law that was initiated by one private party against another and that presented no possibility of criminal penalty." *Id.* at 816-17. Here the CCOEB's adjudication of state law was initiated by one private party against another and presented no possibility of criminal penalty. Therefore, abstention under *Younger* is inappropriate.

*Motion for Mandamus*

Plaintiff first asks for a writ of mandamus pursuant to Federal Rule of Civil Procedure 81. Federal writs of mandamus were abolished under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(b). Pursuant to Illinois law, a court may use a writ of *mandamus* to direct a public official or body to perform a ministerial duty. *See* 735 Ill. Comp. Stat. 5/14-101 *et seq.* "[A] writ of mandamus will be awarded only if a plaintiff establishes a clear right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ." *Snyder*, 804 N.E.2d at 552. "[M]andamus cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised." *Read v. Sheahan*, 833 N.E.2d 887, 895 (Ill. App. Ct. 2005) (internal quotations and citations omitted). Mandamus is improper "if it substitutes the court's discretion or judgment for that of the official" or "if factual questions are

4

present." *Cordrey v. Prisoner Review Bd.*, 21 N.E.3d 423, 428 (Ill. 2014) (citing *People ex rel. Madigan v. Kinzer*, 902 N.E.2d 667 (Ill. 2009), and *Touhy v. State Board of Elections*, 342 N.E.2d 364 (Ill. 1976)).

Plaintiff argues that since she submitted a nomination petition with the required amount of signatures, placing her name on the ballot for the primary election is a purely ministerial act. However, the CCOEB determines whether the signatures are valid, which is an adjudicatory decision. Here, Plaintiff is asking to substitute the court's judgment and discretion for that of the CCOEB as she requests overruling the objections to her petition. Plaintiff also argues that the CCOEB was improperly convened and lacked jurisdiction to sustain the objections to her petition. Specifically, she argues that no members of the Board were physically present but inappropriately represented by designees. However, the Illinois Election Code states that county officer election boards for a county with a population of more than 3,000,000 "shall be composed of the county clerk, *or an assistant designated by the county clerk*, the State's Attorney of the county *or an Assistant State's Attorney designated by the State's Attorney*, and the clerk of the circuit court, o*r an assistant designated by the clerk of the circuit court*." 10 Ill. Comp. Stat. 5/10-9(2.5). Plaintiff is not entitled to a writ of *mandamus* requiring the CCOEB to reverse its decision and place her name on the ballot. Plaintiff's Motion for *Mandamus* is denied.

*Motion for Injunctive Relief*

Plaintiff also requests an injunction, requiring the CCOEB to overrule the objections to her nominating petition and add her name to the ballot for the March 15, 2016 primary election. If the party moving for a preliminary injunction shows some likelihood of success on the merits, no adequate remedy at law, and irreparable harm, the district court "must consider the irreparable

harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (citing *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). The court must also consider the public interest in granting or denying an injunction. *Id.* Plaintiff appears to seek a mandatory preliminary injunction, "that is, an injunction requiring an affirmative act by the defendant[s]." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). "Because a mandatory injunction requires the court to command the defendant to take a particular action, 'mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued.'" *Id.* (quoting *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978))

To request a preliminary injunction, Plaintiff must show "(1) that she has no adequate remedy at law; (2) that she will suffer irreparable harm if the preliminary injunction is not issued; (3) that the irreparable harm she will suffer if the preliminary injunction is not granted is greater than the irreparable harm the defendant will suffer if the injunction is granted; (4) that she has a reasonable likelihood of success on [the] merits; and (5) that the injunction will not harm the public interest." *Johnson v. Cook Cty. Officers Electoral Bd.*, 680 F. Supp. 1229, 1232 (N.D. Ill. 1988) (citing *Curtis v. Thompson*, 840 F.2d 1291, 1296 (7th Cir. 1988)). Many of the factors weigh in favor of issuing a preliminary injunction. Plaintiff has no adequate remedy at law. Plaintiff shall suffer irreparable harm if a preliminary injunction is not granted, and that harm is more than Defendants will suffer by putting her name on the ballot. And there is no indication that the injunction would harm the public interest.

<mark>6</mark>

However, Plaintiff has not demonstrated likelihood of success on her motion to justify a mandatory injunction. In Count I, Plaintiff alleges a violation of her rights under the First and Fourteenth Amendments. Signature requirements, in and of themselves, are routinely upheld as not overly burdensome. *See, e.g., Stone v. Bd. of Election Comm'rs for City of Chicago*, 750 F.3d 678, 683 (7th Cir. 2014) (upholding a 12,500 signature requirement for Chicago mayor race eligibility). There is also nothing to show that Plaintiff was uniquely and discriminatorily burdened by the signature verification or hearing processes. In Count II, Plaintiff argues that a lack of updated and integrated voting registration data disenfranchises racial minority voters. Defendants respond that their voter registration records are an updated, amalgamated database of the Clerk of Cook County and the Chicago Board of Election Commissioners. In Count III, Plaintiff alleges a civil RICO violation. But Plaintiff makes no allegation of what the racketeering activity is, how the Defendants are engaged in interstate commerce, or how Defendants have any effect on interstate commerce. An injunction is inappropriate if a plaintiff cannot demonstrate "at least a negligible chance of success." *Johnson*, 680 F. Supp. at 1233 (citing *Curtis*, 840 F.2d at 1296). Plaintiff's Motion for Injunctive Relief is denied.

*Res Judicata*

Defendants further argue that the present case is barred by *res judicata*. As the prior adjudication occurred in Illinois state court, Illinois *res judicata* principles apply. *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079 (7th Cir. 2011). For *res judicata* to apply, there must be "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their 'privies.'" *Id.* (citing *Hudson v. City of Chicago*, 889 N.E.2d 210, 215 (Ill. 2008)). *Res judicata* bars every

matter determined in the first suit, as well as "every matter that might have been raised and determined in that suit." *Hudson*, 889 N.E.2d at 217.

In her state complaint, Plaintiff included a petition for mandamus and a petition for injunctive relief as counts IV and V. The state complaint raised the same bases and arguments for the petitions as the current, federal Complaint. In fact, Plaintiff's Motion for Injunctive Relief and Mandamus is almost exactly the same as the counts requesting similar relief in state court. As set out above, the state court dismissed counts IV and V with prejudice, and Plaintiff appealed the order. All *res judicata* factors are present. A final judgment on the merits was issued by the state court; Plaintiff's complaints raise the same cause of action under different theories; and the parties are the same. Further, the CCOEB's decision was upheld by the Illinois Appellate Court. Plaintiff's requests for injunctive relief and *mandamus* relief are further barred by *res judicata*.

## CONCLUSION

Plaintiff's Motion for Injunctive Relief and Mandamus [7] is denied.

Date: _____March 1, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge