UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAN KOWALSKI and ZIFF SISTRUNK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 16-cv-1891 |
| v. ) | |
| ) | Judge John W. Darrah |
| COOK COUNTY OFFICERS ) | |
| ELECTORAL BOARD, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jan Kowalski filed a Complaint, alleging violations of her rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, a violation of § 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973, *et seq.*, and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Plaintiff also filed a Motion for Injunctive Relief and Mandamus [7], which was denied on March 1, 2016. An Amended Complaint was filed that made the same allegations but added Ziff Sistrunk as a named Plaintiff. Defendants have filed a Motion to Dismiss Plaintiffs' Amended Complaint [41]. Defendants' Motion [41] is granted with prejudice.

## BACKGROUND

Kowalski was a candidate in the Primary Election of March 15, 2016, for the Office of the Recorder of Deeds in Cook County, Illinois. (Amend. Compl. ¶¶ 1-2.) The Cook County Officers Electoral Board ("CCOEB") is a statutory entity that has the power to determine the validity of nomination papers. (*Id.* ¶ 5.) Kowalski filed her Petition for Nomination on November 30, 2015. (*Id.* ¶ 16.) The Petition contained 13,430 signatures by registered voters of Cook County, which is above the minimum number of signatures required to be placed on the

ballot. (*Id.* ¶¶ 17-18.)  On December 7, 2015, Audrey Jacox filed an Objector's Petition, alleging the Nomination Petition was insufficient. (*Id.* ¶ 24.)  Between December 17 and December 22, 2015, the CCOEB conducted a "Rule 6 records examination." (*Id.* ¶ 26.)  On December 22, 2015, Kowalski received the final Petition Summary Report from the CCOEB. (*Id.* ¶ 31.)  The report stated that the Petition for Nomination had 554 fewer valid signatures than what was required. (*Id.*)  Plaintiff, Ziff Sistrunk ("Sistrunk"), is an African-American Cook County resident whose signature was disallowed on Kowalski's Petition for Nomination. (*Id.* ¶¶ 3-4, 21.)

Kowalski filed an emergency motion with the CCOEB on December 23, 2015, asking to extend the deadline for a Rule 8 motion, which would trigger a review of objections made during the Rule 6 records examination. (*Id.* ¶¶ 25, 35.)  The CCOEB's hearing officer denied the emergency motion. (*Id.* ¶ 37.)  Kowalski filed a motion to reconsider the denial of the emergency motion, which was also denied on December 28, 2015. (*Id.* ¶ 40.)  The hearing officer further recommended that the CCOEB sustain the Objector's Petition and invalidate Kowalski's Petition for Nomination. (*Id.*)  On December 30, 2015, the CCOEB sustained the Objector's Petition; and Kowalski's name was removed from the March 15, 2016 Primary Ballot. (*Id.* ¶ 47.)

Kowalski filed for judicial review of the CCOEB's decision to remove her name from the ballot. *Kowalski v. Cook County Officers Electoral Bd.*, 2016 IL App (1st) 160528-U, *appeal denied, stay denied,* 120549, 2016 WL 1377955 (Ill. Mar. 14, 2016).  The Circuit Court of Cook County granted summary judgment in favor of the CCOEB and their decision. *Id.*  Kowalski then appealed the Circuit Court opinion to the Illinois Appellate Court, who affirmed the CCOEB and Circuit Court decision. *Id.*

Kowalski alleges she was denied substantive rights during the "Rule 6 records examination." (Amend. Compl. ¶ 27.) Kowalski also claims there were substantive and procedural due-process violations that resulted in sustaining the Objector's Petition. (*Id.* ¶ 49.) In addition, Kowalski claims that the CCOEB decision violates the voters of Cook County's procedural and substantive due-process rights. (*Id.* ¶ 50.)

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing, have been met. *Scanlan v. Eisenberg,* 669 F.3d 838, 841-42 (7th Cir. 2012). In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995).

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

3

For purposes of a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in plaintiff's favor. *See, e.g., Scanlan,* 669 F.3d at 841; *Tamayo,* 526 F.3d at 1081.

## ANALYSIS

*12(b)(1)*

Defendants move to dismiss the Amended Complaint under Rule 12(b)(1), stating that Plaintiffs do not have jurisdiction to bring this claim in federal court. Defendants argue that Plaintiffs do not have Article III standing, that they are immune from suit under the Eleventh Amendment, and that Plaintiffs' claims are precluded by *res judicata*.

<u>Article III Standing</u>

Defendants first argue that Plaintiff does not have Article III standing to bring a claim in federal court. For Article III standing, three elements must be satisfied: (1) plaintiff must have suffered an injury in fact, (2) there must be a causal connection between the injury and the conduct, and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Sumers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Under the first element, a plaintiff must allege a sufficient injury that is concrete and particularized. *Lujan*, 504 U.S. at 560. Plaintiffs allege that they were injured because of a violation of their constitutional rights under the First and Fourteenth Amendment, abridgement of their right to vote under the Voting Rights Act, and by CCOEB's racketeering activities. (Amend. Compl. ¶¶ 51-81.) Plaintiffs allege that the CCOEB's actions disenfranchised voters and deliberately harmed minority voting strength. However, an Illinois court has affirmed "the decision of the Board declaring petitioner's nomination papers for the office of Recorder of

4

Deeds of Cook County invalid and ordering that her name not be printed on the ballot for the primary election to be held on March 15, 2016." *Kowalski v. Cook Cty. Officers Electoral Bd.*, 2016 IL App (1st) 160217-U, ¶ 18, 2016 WL 687106, * 5 (Ill. App. Ct. Feb 17, 2016). Plaintiffs have not suffered an injury from the CCOEB following its procedures. Finally, Plaintiffs allege the CCOEB has engaged in racketeering under § 1962 of RICO but do not allege what the racketeering conduct is or how they have been harmed in their "business or property." 18 U.S.C. § 1964(c). Plaintiffs allege personal injuries, which "are not compensable under RICO." *Doe v. Roe*, 958 F.2d 763, 770 (7th Cir. 1992). Plaintiffs have not shown that they suffered a concrete and particularized injury.

The next element that must be satisfied is causation. Article III standing requires "but-for" causation. *Kyles v. J.K. Guardian Sec. Services, Inc.* 222 F.3d 289, 294 (7th Cir. 2000). Plaintiffs allege that but for the CCOEB's alleged violations, Plaintiffs would not have been harmed. Plaintiffs have alleged that the sole cause of their injuries arose through the CCOEB's actions. Plaintiffs have sufficiently alleged "but-for" causation.[1]

Finally, Plaintiffs must allege redressability. *Lujan*, 504 U.S. at 560. To satisfy redressability, a Plaintiff must plead how a claimed injury would be redressed by a decision in its favor. *Id*. Plaintiffs do not respond to Defendants' arguments about redressability. A party waives arguments by not "responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

---

[1] Defendants argue that any harm suffered by Plaintiffs is due to Kowalski's failure to timely file a challenge to the registration record examination. However, at this stage of the case, all well-pleaded allegations are accepted as true.

Plaintiffs have not pled sufficient facts to allege a concrete and particularized injury and have failed to address Defendants' arguments regarding redressability. Plaintiffs have failed to allege Article III standing.

11th Amendment

Defendants also argue that they are immune from suit under the Eleventh Amendment. The Eleventh Amendment states that "[t]he judicial power of the United State shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. AMEND. XI. The Eleventh Amendment has been interpreted to guarantee that "an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (internal quotations omitted). Additionally, a suit "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984).

Defendants argue that the officers are state officials and that the CCOEB is a state election board. Plaintiffs respond that the Cook County Officers Electoral Board is not a sovereign "arm of the state" because it fails the two-prong test presented in *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008), and, therefore, that the CCOEB and its officers are not immune under the Eleventh Amendment. However, the Cook County Clerk, Cook County State's Attorney, and Clerk of the Circuit Court of Cook County are creations of the Illinois Constitution. *See* ILL. CONST. (1970) ART. VI, §§ 18, 19; ART. VII § 4(C); *see also County of Kane v. Carlson*, 507 N.E.2d 482, 486-87 (Ill. 1987); *Walker v. McGuire*, 39 N.E.3d

982, 986 (Ill. 2015). Further, county officers electoral boards are created by state statute. *See* 10 Ill. Comp. Stat. 5/10-9(2.5).

However, the Eleventh Amendment does not bar suits against state officials that have allegedly violated the federal Constitution or suits to enforce federal statutes. *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 156 n. 6 (1978); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n. 14 (1983); *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 337 (7th Cir. 2000)). Plaintiffs, in part, seek to enforce the Voting Rights Act, and their suit is not barred to the extent that they have alleged that Defendants have violated a federal statute.

### *Res Judicata*

Defendants further argue that Plaintiffs' claims are barred by *res judicata*. The doctrine of *res judicata*, or claim preclusion, bars a litigant from bringing a claim that was previously resolved in court. *Parsons Steel, Inc. v. First Ala. Bank*, 474 US. 518, 523 (1986); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005). Because the previous adjudication was in Illinois state court, Illinois *res judicata* principles apply. *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079 (7th Cir. 2011) (citing *Rockford Mut. Ins. Co. v. Amerisure Ins. Co.*, 925 F.2d 193, 195 (7th Cir. 1991)). Under Illinois law, *res judicata* applies when "there was a final judgment on the merits rendered by a court of competent jurisdiction, there is an identity of cause of action, and there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998) (citing *Downing v. Chicago Transit Authority*, 642 N.E.2d 456 (Ill. 1994)).

7

Claim preclusion extends to claims that could have been raised in the preceding complaint. *Torcasso v. Standard Outdoor Sales, Inc.*, 626 N.E.2d 225, 228 (Ill. 1993).

Plaintiffs admit that the Illinois decisions here were final and were on the merits. However, Plaintiffs argue that federal issues were not before the state court and that, therefore, their current claims are not precluded. However, Kowalski voluntarily dismissed those claims from the state lawsuit. Under Illinois law, *res judicata* applies to claims that were voluntarily dismissed absent an express reservation of those claims for a second action. *Brown v. City of Chicago*, 771 F.3d 413, 414-15 (7th Cir. 2014); *Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008). Kowalski brought her federal claims in state court and then voluntarily dismissed those claims without expressly reserving them. Kowalski's claims are barred by *res judicata.*

Plaintiffs also argue that Sistrunk was not a party to the state-court actions and that privity does not exist. However, Sistrunk may nevertheless be barred from bringing this Complaint if his interests are sufficiently aligned with Kowalski. Privity "exist[s] between parties who adequately represent the same legal interests." *Chicago Title*, 664 F.3d at 1080 (7th Cir. 2011) (quoting *People ex. Rel. Burris v. Progressive Land Developers*, 602 N.E.2d 820, 825 (Ill. 1992)). Further, a "party may be in privity with another party that adequately represents the same legal interests even though the two parties' claims are not the same." *Lawrence v. Bd. of Election Comm'rs of City of Chicago*, 524 F. Supp. 2d 1011, 1022 (N.D. Ill. 2007) (citing *Progressive Land Developers, Inc.*, 602 N.E.2d at 825). Kowalski raised claims that the individuals who signed her petitions, including Sistrunk, were denied their rights under the First and Fourteenth Amendment, as well as the Voting Rights Act. Kowalski was an adequate representative of Sistrunk's legal interests.

Plaintiffs' claims are barred by *res judicata*.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [41] is granted with prejudice.

Date: September 13, 2016

_____
JOHN W. DARRAH
United States District Court Judge